IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **INTUITIVE BUILDING CONTROLS, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**UNITED TECHNOLOGIES CORPORATION and UTC BUILDING & INDUSTRIAL SYSTEMS,**<br><br>Defendants. | **Case No. 2:15-cv-504**<br><br>**PATENT CASE**<br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT

Plaintiff Intuitive Building Controls, Inc. ("Plaintiff" or "IBC") files this Complaint against Defendants United Technologies Corporation and UTC Building & Industrial Systems for infringement of United States Patent No. 6,118,230 (the "'230 patent").

## THE PARTIES

### PLAINTIFF

1.  IBC is a Texas company with its principal place of business at 505 East Travis Street, Suite 203, Marshall, Texas 75670.

### DEFENDANTS

2.  On information and belief, United Technologies Corporation ("Defendant" or "United Technologies") is a Delaware corporation with its principal place of business located at One Financial Plaza, Hartford, Connecticut 06101. On information and belief, United Technologies may be served with process by serving its registered agent, The Corporation Trust Company, Corporation Trust Center 1209 Orange St., Wilmington, Delaware 19801. On

information and belief, this Court has personal jurisdiction over United Technologies because United Technologies has committed, and continues to commit, acts of infringement in the State of Texas, has conducted business in the State of Texas, and/or has engaged in continuous and systematic activities in the State of Texas.

3. On information and belief, UTC Building & Industrial Systems ("Defendant" or "UTC Building") is a Delaware corporation with its principal place of business located at One Carrier Place, Farmington, Connecticut 06032. On information and belief, this Court has personal jurisdiction over UTC Building because UTC Building has committed, and continues to commit, acts of infringement in the State of Texas, has conducted business in the State of Texas, and/or has engaged in continuous and systematic activities in the State of Texas.

4. Defendants United Technologies Corporation and UTC Building & Industrial Systems are collectively referred to as "Defendants" or "UTC."

## JURISDICTION AND VENUE

5. This is an action for patent infringement under Title 35 of the United States Code. IBC is seeking injunctive relief as well as damages.

6. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States' patent statutes, 35 U.S.C. § 101 *et seq*.

7. Venue is proper under 28 U.S.C. §§ 1391(c) and 1400(b) because Defendants have committed acts of infringement in this district and/or are deemed to reside in this district.

8. This Court has personal jurisdiction over Defendants and venue is proper in this district because Defendants have committed, and continue to commit, acts of infringement in the state of Texas, including in this district, have conducted business in the state of Texas, including

in this district, and/or have engaged in continuous and systematic activities in the state of Texas, including in this district.

## COUNT I

### (INFRINGEMENT OF U.S. PATENT NO. 6,118,230)

9. IBC incorporates paragraphs 1 through 8 herein by reference.

10. Plaintiff is the owner and assignee of the '230 patent, entitled "Lighting Control System Including Server for Receiving and Processing Lighting Control Requests," with ownership of all substantial rights in the '230 patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement. A true and correct copy of the '230 patent is attached as Exhibit A.

11. The '230 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

12. IBC has been damaged as a result of UTC's infringing conduct described in this Count. UTC is thus liable to IBC in an amount that adequately compensates it for their infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### Direct Infringement

13. On information and belief, UTC has and continues to directly infringe one or more claims of the '230 patent in this judicial district and/or elsewhere in Texas and the United States, including at least claim 29, by, among other things, making, using, offering for sale, selling and/or importing infringing lighting control systems, and/or practicing infringing methods related to lighting control systems, including but not limited to the AdvisorOne. UTC is thereby liable for infringement of the '230 patent pursuant to 35 U.S.C. § 271.

### Indirect Infringement – Inducement

14. Based on the information presently available to IBC, absent discovery, and in addition or in the alternative to direct infringement, IBC contends that UTC has and continues to indirectly infringe one or more claims of the '230 patent, including at least claim 29, by inducing others, including customers, end-users, and/or installers of UTC's lighting control hardware and/or software, including but not limited to the AdvisorOne, to make, use, sell, offer for sale, and/or import infringing lighting control systems and/or to practice infringing methods in violation of one or more claims of the '230 patent, including at least claim 29.

15. UTC has been on notice of the '230 patent since at least service of this action, or before, but has continued since that time to cause others to directly infringe the '230 patent as alleged herein. In accordance with Fed. R. Civ. P. 11(b)(3), IBC will likely have additional evidentiary support after a reasonable opportunity for further investigation or discovery on this issue.

16. On information and belief, since UTC has been on notice of the '230 patent, UTC has knowingly induced infringement of the '230 patent, including at least claim 29 of the '230 patent, and possessed specific intent to encourage others' infringement.

17. On information and belief, since UTC has been on notice of the '230 patent, UTC knew or should have known that its actions would induce actual infringement of the '230 patent, including at least claim 29 of the '230 patent, by customers, end-users, and/or installers of lighting control lighting control hardware and/or software, including but not limited to the AdvisorOne.

18. For example, since UTC has been on notice of the '230 patent, UTC has purposefully and voluntarily made available lighting control hardware and/or software with the

expectation that they would be utilized by customers, end-users, and/or installers in the United States in a way that infringes at least claim 29 of the '230 patent.

19. Since UTC has been on notice of the '230 patent, UTC has also provided support to customers, end-users, and/or installers of UTC's lighting control hardware and/or software, including but not limited to the AdvisorOne.

20. UTC has not produced or relied upon an opinion of counsel suggesting that the '230 patent is invalid or is not infringed by UTC's lighting control systems, including but not limited to the AdvisorOne. In accordance with Fed. R. Civ. P. 11(b)(3), IBC will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

21. UTC has not produced any evidence as to any investigation, design around or that any remedial action was taken with respect to the '230 patent. In accordance with Fed. R. Civ. P. 11(b)(3), IBC will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

## ADDITIONAL ALLEGATIONS

22. Plaintiff has been damaged as a result of Defendants' infringing conduct described herein. UTC is thus liable to Plaintiff in an amount that adequately compensates Plaintiff for Defendants' infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by the Court under 35 U.S.C. § 284.

23. Defendants' actions complained of herein will continue unless Defendants are enjoined by this Court.

24. Plaintiff has complied with 35 U.S.C. § 287.

25. Defendants' actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendants are enjoined and restrained by this Court.

## JURY DEMAND

IBC hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

IBC requests that this Court find in its favor and against Defendants, and that this Court grant IBC the following relief:

a. Enter judgment for Plaintiff on this Complaint;

b. Enter judgment that one or more claims of the '230 patent has been infringed, either directly or indirectly by Defendants;

c. Enter judgment that Defendants account for and pay to IBC all damages to and costs incurred by IBC because of Defendants' infringing activities and other conduct complained of herein;

d. Award Plaintiff damages resulting from Defendants' infringement in accordance with 35 U.S.C. § 284;

e. Enter a permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with them, from infringing or inducing infringement of the '230 patent, or, in the alternative, judgment that Defendants account for and pay to IBC a reasonable royalty and an ongoing post-

      judgment royalty because of Defendants' past, present and future infringing activities and other conduct complained of herein;

f.    That IBC be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

g.    Find the case to be exceptional under the provisions of 35 U.S.C. § 285;

h.    That IBC be granted such other and further relief as the Court may deem just and proper under the circumstances.

DATED: April 14, 2015                                         Respectfully submitted,

**THE SIMON LAW FIRM, P.C.**

/s/ Anthony G. Simon
Anthony G. Simon
Michael P. Kella
Benjamin R. Askew
Timothy D. Krieger
800 Market Street, Suite 1700
St. Louis, Missouri 63101
P. 314.241.2929
F. 314.241.2029
asimon@simonlawpc.com
mkella@simonlawp.com
baskew@simonlwpc.com
tkrieger@simonlawpc.com

Wesley Hill
Texas State Bar No. 24032294
WARD, SMITH & HILL, PLLC
P.O. Box 1231
1127 Judson Road, Ste. 220
Longview, Texas 75606-1231
(903) 757-6400
(903) 757-2323 (fax)
wh@wsfirm.com

*ATTORNEYS FOR PLAINTIFF*
*INTUITIVE BUILDING CONTROLS,*
*INC.*